Chief Judge Desmond (dissenting).
I dissent. These admissions against interest were inadmissible in evidence because of facts, or sets of facts, which necessarily bring the case within our several decisions forbidding receipt against a defendant of post-arraignment confessions (People v. Di Biasi, 7 N Y 2d 544; People v. Waterman, 9 N Y 2d 561; People v. Meyer, 11 N Y 2d 162). Those additional facts are: first, the F. B. I. investigation and the Federal indictment were concerned with transporting money, an element or ingredient of the same alleged money theft charged in the present State prosecution; second, after the F. B. I. arrest and before the Federal indictment New York City detectives questioned defendant at the F. B. I. office; third, the city detectives arrested defendant on the State charge at the United States Commissioner’s office after defendant’s arraignment there on the Federal indictment; fourth, the incriminating statements were taken from defendant, unrepresented by counsel, after that Federal arraignment and necessarily amounted to admissions of guilt as to both the interwoven Federal and State accusations,
*34 The exclusion by the courts of post-arraignment admissions does not result from application of a mere formula fixing an arbitrary point of time after which confessions may not be exacted from an accused person. They are excluded from evidence because they have been taken after prosecution has commenced and so amount to “ testimonial compulsion ” (People v. Di Biasi, 7 N Y 2d 544, 551, supra), coming as they do after the “ commencement of the criminal action against the defendant ” (People v. Waterman, 9 N Y 2d 561, 565, supra).
Here the co-operation of Federal and State officers in prosecuting the same alleged criminal activity had proceeded to a point where there had been an actual arraignment on the Federal indictment. The case for reversal here is, accordingly, stronger than in People v. Davis (13 N Y 2d 690; see People v. Robinson, 13 N Y 2d 296). Another relevant decision is People v. Wallace (17 A D 2d 981) holding inadmissible defendant’s incriminating statements made to a fire marshal before he was ever arraigned at all.
Since the Di Biasi, Waterman and Meyer decisions (supra) express part of the protections afforded citizens against questioning which ‘ contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crimes” (People v. Waterman, 9 N Y 2d 561, 564-565, supra), no reasonable distinction can be made between those cases and this one. In all the eases including the present one the vice of the questioning is that it continued after the defendant had been cast in the role of an accused.
I would reverse and order a new trial.
Judges Dye, Van Voorhis, Burke, Scileppi and Bergan concur with Judge Fuld ; Chief Judge Desmond dissents in a separate opinion.
Judgment affirmed.